ROBERT WILSON, Administrator, v. NATHANIEL TUCKER.

A plea to an action on promissory notes, that the plaintiff's intestate, on the day of the date of the oldest note, promised to give defendant time and forbear payment of rent then due and to become due, for a mill hired of the intestate by the defendant, and that such rents should be payable in instalments of ten per cent. on the amount thereof quarterly, whenever, and not until, the said mill could be profitably run by the defendant; and that the notes in suit were given for such rents and subject to this agreement; that it was not until, after the death of said intestate that said mill could be run by defendant to a profit, when he was deprived of the use of his said mill, and, by the plaintiff's act, prevented from paying said rents according to the intent of said agreement; and thereby discharged and released from all claims and causes of action touching said notes ; *held* defective, and overruled on demurrer, as not disclosing any sufficient defence in bar of the action, because, *first*, the plea does not state, nor is it inferable as a matter of law from what it states, that there was an agreement that the defendant should continue to have the use of the mill after the time had arrived when it could be run to a profit, as a condition of his liability to pay said notes, and, *secondly*, because the averment in the plea that the defendant was, by the plaintiff's act, prevented from paying said rents according to the intent of said agreement, is not sufficient, as the plea should state what the act of the plaintiff, which had this effect, was, so that the court might judge whether it had the alleged effect or not.

DURFEE, J. The declaration contains several counts on promissory notes, and the common-money counts. The defendant pleads the general issue, and a special plea in bar, to which the plaintiff demurs.

The special plea states, that on the 12th day of December, 1861,—(which is the alleged date of the oldest note in suit,)— the plaintiff's intestate, by his agreement in writing, promised to give time and forbear payment of rent then due, and to become due, for a mill hired of the intestate by the defendant; and that such rents should be payable in instalments of ten per cent. on the amount thereof, quarterly, whenever, and not until, the said mill could be profitably run by the defendant ;. and the plea further states near its close, that the notes in suit were given for such rents, and subject to the agreement.

The agreement, as stated in the plea, is not a discharge of the notes, but simply an agreement to give time for their payment, and, therefore, in itself, if it be valid, it can only have the effect

to suspend suits to recover upon the notes until they are payable according to its terms, and not absolutely to bar such suits.

The plea, however, contains other averments, to wit: "That it was not until after the death of the said intestate, that said mill was, or could be so run by him to a profit, when the defendant was deprived of the use of said mill, and by the plaintiff's act prevented from paying said rents acccording to the intent of. said agreement, and thereby discharged and released from all claims and causes of action touching said notes."

It appears by this portion of the plea, that the time did arrive, when, under the alleged agreement, the payment of the notes by instalments was to begin. Does the plea show that anything subsequently occurred, to discharge the defendant's liability to pay them ?

The plea alleges, that when the time arrived that the mill could be run by him to a profit, he was deprived of its use. But we do not see how this fact can be considered as such discharge, for we do not find it stated in the plea, or inferable as a matter of law from what is stated, that there was any agreement that the defendant should continue to have the use of the mill, after the time had arrived when it could be run to a profit, as a condition of his liability to pay the notes. If the alleged agreement contained any such terms, either express or implied, the plea does not disclose it in such manner, that we feel warranted in saying that it contained such terms.

The plea also avers, that the defendant was, by the plaintiff's act, prevented from paying said rents according to the intent of said agreement, but what the act of the plaintiff which had this effect was, the plea does not state. The plea should state this so that the court might judge whether it had the alleged effect or not.

The plea is confusedly, and perhaps imperfectly, drawn ; but as it stands at present, it does not disclose, to our minds, any sufficient defence in bar of the action, and, therefore, we think the demurrer must be sustained.

*Demurrer sustained.*

*Browne and Van Slyck, for plaintiff.*

*Payne, for defendant.*